

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Cameron, Texas

Dear Sir:

Opinion No. 0-4495
Re: Would a tax collector be protected
on his official bond if he accepted,
with the approval of the tax attor-
ney, either before or after suit,
all delinquent state, county, school
district and road district taxes
except such school and road district
taxes as the taxpayer refuses to
pay upon the claim that such taxes
are barred by limitation under Arti-
cle 7298, Vernon's Texas Civil
Statutes?

Your letter of March 5, 1942, presents for our opinion
the two following questions, which we quote therefrom:

"The questions propounded arise out of a con-
struction of Article 7298, as amended, Acts 1931.
Two fact situations are presented:

"(1) A owes delinquent State, County, School
District and Road District taxes for the years 1928
to 1940, inclusive. Suit has been filed. A makes it
known to both the Tax Collector and the Tax Attorney
that he intends to invoke the statute of limitations
contained in the last sentence of the above-quoted
Article, as the same applies to the School District
and Road District taxes (that is, he refuses to pay the
delinquent School District and Road District taxes for
the years 1928 to 1930, inclusive), but offers to pay
before judgment the remainder of the taxes, and wishes
to avoid the additional costs incident to the entering
of a judgment.

"Question: Would the Tax Collector be protected
on his bond if he accepted, with the approval of the
Tax Attorney, the taxes as tendered?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(2)  B owes delinquent State, County, School
District and Road District taxes from 1928 to 1940,
inclusive. No suit has been filed. B tenders to the
Tax Collector all taxes except those which he claims
are barred by the statute of limitations contained in
the above Article.

"Question:  Would the Tax Collector be protected
from liability on his bond if he accepted the taxes
as so tendered?"

In our Opinion No. 0-1262 this department has held that
all taxes appearing upon the general tax rolls against any sep-
arately assessed tract or tracts of land, must, under the statutes,
regulations and decisions adverted to therein, be paid at the same
time, in the entirety and not partially, except as otherwise pro-
vided by statute in the case of certain school district taxes
(Article 7336e, Vernon's Texas Civil Statutes). Although the fac-
tual situation before us in the writing of the opinion referred to
appears to embrace current taxes rather than delinquent taxes, the
principles and authorities upon which said opinion is grounded,
would likewise obtain in the instant case where delinquent taxes
are involved. We enclose a copy of this opinion for your consid-
eration.

It is accordingly our conclusion that assessor-collector
of taxes for Milam County would not be authorized to collect and
receive any partial payment of the delinquent state, county, school
district and road district taxes involved here, unless required to
do so by the mandatory terms of some applicable statute or the
final judgment of a court of competent jurisdiction. In passing,
however, let it be said that this conclusion should not be confused
with the unquestioned rule of law that taxes, current or delinquent,
may be paid upon any one separately assessed tract or parcel of
land without payment of taxes assessed against other tracts or par-
cels of realty owned by the taxpayer. This rule is announced by
our Supreme Court in the case of Richey, et al vs. Moor, 249 S. W.
172, and fully recognized in successive opinions of this depart-
ment, including our Opinions Nos. 0-1262 and 0-928. It does not
appear from the facts stated by you whether one or more tracts or
parcels of land are involved, or, if more than one tract of land,
whether such tracts are separately assessed so as to fall within
the above rule. We merely hold that, subject to said rule, the

tax assessor-collector of your county may not lawfully, absent some compelling statute or judgment, accept and receive less than the total amount of current or delinquent taxes charged against any one separately assessed tract of land, or, if more than one tract of land, against such tracts as are rendered and assessed in solido.

The question remains if the following provision of Article 7298, Vernon's Texas Civil Statutes, constitutes, under the opinion referred to and the conditions of the assessor-collector's official bond, an exception, by law, to that official's established duty of collecting and accepting nothing less than the entire amount of taxes, current or delinquent, due and owing under any one assessment. We quote from said statute:

"That no delinquent taxpayer shall have the right to plead in any Court or in any manner rely upon any Statute of Limitation by way of defense against the payment of taxes due from him or her to the State, or any county, city, town, Navigation District, Drainage District, Road District, Levee District, Reclamation District, Irrigation District, Improvement District, School District and all other Districts; provided, that no suit shall be brought for the collection of delinquent taxes of a School District or Road District unless instituted within ten years from the time the same shall become delinquent."

We think the proviso of the above-quoted statute is, strictly and properly construed, a limitation statute, and the rules and decisions governing and applicable to general statutes of limitation would apply here. Under such, it must be said that these delinquent school and road district taxes are not remitted, released or discharged by the statute cited and quoted above but same only goes to the remedy and furnishes the taxpayer a defense to an action brought for such taxes after the limitation period. The school and road district taxes in the instant case are still due and owing to the respective taxing authorities involved, despite the assertion of the taxpayer that he will invoke the applicable statute of limitation as to a portion of them. It is only the remedy for their collection which may be affected by this limitation statute. Limitation is a defense which must be specially urged, is personal to the debtor, and may be waived by him.

28 Texas Jurisprudence, 245. It is our opinion that it is not for the tax assessor-collector of Cameron County but for the courts to determine the applicability of this pertinent statute to the facts before us. Until the time that the issues of limitation are properly urged and adjudged by the court the tax-payer may waive this defense. In the interim, these school and road district taxes are still due and owing and the assessor-collector of taxes is required, under the ruling mentioned above, to use every available means to collect such taxes.

We accordingly answer both of your questions in the negative.

APPROVED APR 13, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Pat M. Neff, Jr.
Assistant

PMN:ej



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN